**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JEFF CORY SMITH, #1249789** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:09-CV-2102-N |
| | § | (consolidated with |
| **RICK THALER, Director,** | § | 3:09-CV-2104-N) |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Div., | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a *pro se* petition for habeas corpus relief submitted by a state prisoner pursuant to 28 U.S.C. § 2254.

Parties:  Petitioner Jeff Cory Smith ("Smith") is currently confined within the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID) at the Wallace Unit in Colorado City, Texas. Respondent is the Director of TDCJ-CID. The court did not issue process in this case pending preliminary screening.

Statement of the Case:  In 2004, a jury convicted Petitioner of aggravated assault with a deadly weapon, charged in two separate indictments, and the trial court assessed punishment at concurrent terms of fifteen years imprisonment. *See State v. Smith*, Nos. F03-27366 and F03-27367 (282nd Dist. Ct., Dallas County, Jul 21, 2004). Petitioner appealed and the Fifth District

Court of Appeals affirmed the judgments. *Smith v. State*, Nos. 05-04-1105-CR and 05-04-01106-CR (Tex. App. – Dallas Oct. 24, 2005, pet ref.) (unpublished). His petition for discretionary review was refused by the Texas Court of Criminal Appeals on March 1, 2006.[1]

On November 20, 2008, Petitioner filed state habeas applications pursuant to art. 11.07, Texas Code of Criminal Procedure, which the Texas Court of Criminal Appeals denied without a written order on the trial court's findings without a hearing. *Ex parte Smith*, Nos. WR-71,756-03 and -04 (Tex. Crim. App. Apr. 29, 2009).

On November 5, 2009, Petitioner filed the federal petitions presently at issue. In eight grounds, he alleges the ineffective assistance of trial and appellate counsel, challenges the validity of the indictments and judgments of conviction, the subject matter jurisdiction of the trial court, and claims the state failed to disclose favorable evidence and presented perjured testimony of prosecution witnesses.[2]

<u>Findings and Conclusions</u>: The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). The court may raise the affirmative defense of the

---

[1] Petitioner was also convicted of attempted tampering with the evidence, for which he was sentenced to two years imprisonment. *See State v. Smith*, No. F03-27368-RS (282nd Dist. Ct., Dallas County, Jul. 21, 2004), *aff'd*, No. 05-04-01107-CR (Tex. App. – Dallas Oct. 24, 2005, pet ref.) (unpublished). Petitioner has fully served his two-year sentence for attempted tampering with the evidence. *See Smith v. Thaler*, No. 3:09-CV-2103-P (N.D. Tex. Jan. 25, 2010) (dismissing petition for lack of jurisdiction because petitioner was not in custody).

[2] The "mailbox rule" is inapplicable because Petitioner's family personally filed the petitions with the clerk's office. *See* Rule 3(d) of the Rules Governing § 2254 Proceedings (benefit of "mailbox rule" extends only to inmates who use a jail/prison's internal mailing system); *Cousin v. Lensing*, 310 F.3d 843, 847 and n. 2 (5th Cir. 2002) (prisoners represented by attorney were not entitled to benefit of mailbox rule; other circuits have declined to apply the mailbox rule to prisoners who employ non-attorney intermediaries to file federal petitions).

statute of limitations *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999); Rule 4 of the Rules Governing § 2254 proceedings (requiring a district court to dismiss a § 2254 petition when it plainly appears from the face of the petition and attached exhibits that the petitioner is not entitled to relief).

On November 29, 2009, the court advised Petitioner of the one-year statute of limitations and granted him an opportunity to explain why his case should not be barred by the statute of limitations or why the limitations period should be tolled on equitable grounds. Smith filed his response on February 22, 2010.

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner concedes the consolidated petitions are untimely under § 2244(d)(1)(A). His convictions became final for purposes of the one-year period on May 30, 2006, ninety days after the Court of Criminal Appeals refused his petitions for discretionary review. *See* Sup. Ct. R. 13.1, 13.3 (West 2010); *Clay v. United States*, 537 U.S. 522, 528 n. 3 (2003). The one-year period began to run on May 31, 2006, the day after his convictions became final, and expired one year later on May 30, 2007. *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998).

Petitioner did not file his state writs until November 20, 2008, long after the one-year period had expired. Therefore, the art. 11.07 applications did not statutorily toll the one-year period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

In response to the court's show cause order, Smith maintains that Dallas County impeded his ability "to discover or obtain needed evidence [about whether a Grand Jury ever met on his charges] until June 11, 2008 . . . ." (Pet's Resp. at 2.) According to Petitioner, his mother filed several letters and complaints between April 2006 and June 2007 "in an attempt to obtain needed information, documents and records in order to file a state habeas application." (*Id.*, attached Peggy Smith's Aff. at 2.) After receiving a copy of the indictments in November 2007, Petitioner's mother began seeking information regarding the grand jury proceedings.[3] (*Id.*)

Insofar as Smith seeks to invoke § 2244(d)(1)(B), based upon the Dallas District Attorney's Office delay in responding to his mother's attempt to obtain transcripts of grand jury proceedings, his assertion is without merit. Grand jury proceedings are secret and are subject to disclosure only under limited circumstances. *Accord, see* Fed. R. Crim. P. 6(e)(2) and (3); Tex. Code Crim. Proc. art. 20.02(a) and (b). Although, the district attorney's office went to the effort of obtaining an opinion from the Texas Attorney General's Office, before informing Mrs. Smith that there was no transcript of grand jury proceedings, neither the laws nor the constitution of the United States imposes an obligation to provide transcripts to convicted felons to search for possible defects. *E.g., see United States v. MacCollom*, 426 U.S. 317, 322-23 (1976); *Cowan v.*

---

[3] Conspicuous by its absence is any explanation of the three and one-half year delay in seeking to obtain a copy of Petitioner's indictment following the jury's verdict. The fact that Petitioner did not seek to obtain a copy of the indictment, which is a public record, sooner evinces a profound lack of diligence.

4

*United States*, 445 F.2d 855, 855 (5th Cir. 1971); *Smith v. United States*, 421 F.2d 1300, 1301 (6th Cir. 1970).  Moreover, the United States Constitution does not require that States charge persons with state felony offenses by indictment.  *See Alexander v. Louisiana*, 405 U.S. 625, 633 (1972).  Finally, Petitioner cannot establish that the delayed response to his inquiries by the Dallas District Attorney prevented him from seeking federal habeas corpus relief.

Petitioner's reliance on § 2244(d)(1)(D) fares no better.  Smith argues the factual predicate of his claims (that his offenses were committed after the presentment of the indictment to the grand jury) could not have been discovered through the exercise of due diligence before June 11, 2008, when his mother received confirmation that neither the transcript of the grand jury proceedings nor the archived files of Petitioner's criminal cases were available.  While his claim is highly improbably, both the date of the offense and the date of the grand jury's return of the bill of indictment could have been obtained from the public records available in the office of the Dallas County District Clerk, prior to and after the jury's verdict.  *See* n. 3, *supra*.  *See also* a copy of the indictment in No. F03-27366, attached to the § 2254 petition reflecting the offense date of October 24, 2003, and the grand jury return date of December 2, 2003.

Next Petitioner asserts the one-year limitations period began to run anew at the conclusion of state post-conviction review on April 29, 2009, – i.e., when he had fully exhausted his state court remedies.  (Pet's Resp. at 7).  This assertion is baseless.  *See Harris v. Hutchinson*, 209 F.3d 325, 327-328 (4th Cir. 2000); *McCoy v. Cockrell*, 2002 WL 1575692, at 2-3 (N.D. Tex., Dallas Div., 2002) (Fish, J.).  The AEDPA provides that the one-year period commences upon the conclusion of *direct review* of a judgment of conviction, or upon the expiration of the time for seeking such review.  28 U.S.C. § 2244(d)(1)(A); *see Roberts v. Cockrell*, 319 F.3d 690,

5

694 (5th Cir. 2003).  The running of the one-year period is suspended while state post-conviction proceedings are *pending* in any state court.  28 U.S.C. § 2244(d)(2).  The Fifth Circuit, as well as every other circuit that has construed § 2244(d), has interpreted it in this way.  Accordingly, the court concludes that Smith's federal petitions are time barred absent equitable tolling.

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)).  In *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quotations and quoted case omitted), the Supreme Court stated that to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."

Petitioner asserts that Mr. Scoggins, the attorney who represented him in state court in connection with his petitions for discretionary review, misled him about filing a federal petition, "which prevented him from asserting his rights." (Pet's Resp. at 3.)  He explains that Mr. Scoggins initially informed his mother "that he had all the time in the world to file for federal habeas action." (*Id.*)  Petitioner's mother, who allegedly was unaware of any fees, relied on Mr. Scoggins to file a proper post conviction writ. (*Id.*)  However, by letter dated February 27, 2007, Mr. Scoggins allegedly informed Petitioner's mother that it was too late to file a federal petition, but that he could file a state writ for a $12,000 fee. (*Id.*)

The statements attributed to Attorney Scoggins are highly suspect.  Smith himself is not competent to relate statements made to his mother or to the contents of the alleged letter which the attorney wrote to her.  Although he has attached copies of correspondence to his mother in

6

both his petitions and in his response to the show cause order, a copy of Mr. Scoggins's letter dated February 27, 2007, is not included. The uncorroborated statements of Peggy Smith regarding advice from Mr. Scoggins are insufficient to establish an extraordinary circumstance which stood in Petitioner's way, preventing him from filing a timely § 2254 petition.

Moreover, even if credence be given to Petitioner's mother's less than unbiased representations with respect to the attorney's advice, it is well recognized in this circuit that "mere attorney error or neglect is not an extraordinary circumstance which warrants equitable tolling." *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002). More recently, in *Lawrence,* 549 U.S. at 336-37, the Supreme Court rejected a request to equitably toll the one-year period based on a counsel's mistake in calculating the limitations period. The court stated that "[a]ttorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel." *Id.*; *Johnson v. Quarterman*, 483 F.3d 278, 286 (5th Cir. 2007) (reiterating Supreme Court's holding in *Lawrence*). The alleged advice and conduct of Mr. Scoggins is distinguishable from an attorney's intentional deceit and misrepresentations of fact, which may constitute an" extraordinary circumstance" warranting equitable tolling. *See United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002); *United States v. Wynn*, 292 F.3d 226, 230-31 (5th Cir. 2002). At most the statements attributed to Mr. Scoggins were erroneous rendering them insufficient to satisfy the "extraordinary circumstance" requirement.

As his final basis in seeking to invoke equitable tolling, Smith claims that he was confined in the Ellis County Jail from a date prior to that on which his convictions became final

until August 28, 2006, approximately three months after the one-year limitations period began to run. (*See* Pet's Resp. at 5.) He does not describe the law library available to inmates at the county jail or any efforts he undertook to get research time. He also claims to have been confined at two transfer units within the TDCJ-CID system between August 28, 2006, and August 11, 2008. (*See id.* at 5-6.) He further asserts without any corroboration that the libraries at the transfer units were inadequate, and that he was "continuously transferred back and forth to a medical unit due to his serious medical condition, which slowed down his mail and ability to correspond with or speak to his mother." (*Id.*) These self-serving, conclusory representations are insufficient to show that Smith was unable timely to seek habeas relief due to an "extraordinary circumstance." Moreover, Petitioner's own allegations confirm that he did not act with due diligence. After his transfer to the Wallace Unit on August 11, 2008, Petitioner delayed filing his art. 11.07 applications until November 20, 2008, more than three months later, and nearly two years and one-half after his convictions had become final, which constitutes an inexcusable lack of diligence. Smith's lack of due diligence did not end there. After, his art. 11.07 applications were denied on April 29, 2009, Smith waited an additional six months before filing his § 2254 petitions, consolidated in No. 3:09-CV-2102-N.

     The party seeking equitable tolling has the burden of showing entitlement to such tolling. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Because Petitioner has not carried his burden of establishing that this case presents the type of extraordinary circumstances and due diligence required for equitable tolling, in the exercise of discretion the District Court should refuse to apply equitable tolling in this case.

Case 3:09-cv-02102-N   Document 13   Filed 04/14/10   Page 9 of 10   PageID 172

Insofar as Petitioner relies on his *pro se* status and his own unfamiliarity with the law as a basis for equitable tolling, his claim fares no better. The Fifth Circuit has held that "neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999); *see also Johnson v. Quarterman*, 483 F.3d 278, 286 ("[N]either 'excusable neglect' nor ignorance of the law is sufficient to justify equitable tolling.").

RECOMMENDATION:

For the foregoing reasons, it is recommended that the habeas corpus petition be DISMISSED with prejudice as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d); Rule 4 of the Rules Governing Section § 2254 proceedings.

Signed this 14th day of April, 2010.

*[signature: Wm. F. Sanderson, Jr.]*
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file

9

specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.